FILED
SUPERIOR COURT
OF GUAM

2023 NOV -8 PM 3:36

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0262-22** |
| | GPD Report Nos. 22-10845 / 22-10855 |
| v. | |
| | **DECISION AND ORDER** |
| **MATTHEW JOAQUIN BROWN,** | **DENYING DEFENDANT'S MOTION** |
| DOB: 07/14/1982 | **TO SUPPRESS EVIDENCE** |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 23, 2023 and September 11, 2023 for hearing on Matthew Joaquin Brown's ("Defendant's") Motion to Suppress Evidence ("Motion"). Assistant Attorney Generals Grant Olan and Heather Zona represent the People of Guam, and Alternate Public Defender Tyler Scott represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant stands indicted on charges of Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony), Eluding a Police Officer (as a Misdemeanor), Resisting Arrest (as a Misdemeanor), Reckless Driving (as a Petty Misdemeanor), and Operating a Vehicle Without a Valid License (as a Violation). See Indictment (May 2, 2022).

The charges stem from an incident on April 22, 2022. While executing a separate warrant for one Janessa Tydingco, Guam Police Department (GPD) Officers observed Defendant's vehicle parked in front of Ms. Tydingco's residence. See Court Recording at 1:31:00 (Aug. 23, 2023). GPD Officers observed that the vehicle did not have front or back license plates and suspected that it contained Ms. Tydingco. Id. at 1:30:00-1:32:00. When Officers approached Defendant's vehicle, he drove off, leading to an erratic high-speed chase. Id. at 1:32:00-1:39:00.

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0262-22, *People of Guam v. Matthew Joaquin Brown*
Page 1 of 4

Defendant eventually stopped his vehicle and was arrested on initial suspicion of reckless driving and resisting arrest. Id. at 1:39:00-1:42:00. Defendant was then handcuffed and secured in the back of GPD Officer Manglona's vehicle. Id. at 1:58:00. Defendant was read his *Miranda* rights immediately upon his placement into the vehicle. Id. at 2:33:00. During initial questioning, Defendant claimed his name was "Rico Cruz". Id. at 1:41:00. GPD Officers believed this was a false alias, as the name "Rico Cruz" did not appear in either their driver's license or vehicle title registration databases. Id. at 2:00:30. Officers then searched Defendant's vehicle for identifying information, instead finding methamphetamine and other illegal drug paraphernalia within. Id. at 1:43:00.

Defendant now seeks to prevent introduction of all physical evidence seized during that police stop. See Motion at 3-4 (Jul. 18, 2023). Defendant claims the search of his vehicle was unconstitutional, being done without a warrant and not qualifying for the warrantless exception as a "search incident to arrest". Id. at 4-6.

The People oppose Defendant's Motion, claiming the search was lawfully done incident to arrest. See Opposition at 2-3 (Jul. 19, 2023). Even if the Court does not apply an exception to the warrant requirement, the People still believe the evidence is admissible because it would inevitably be discovered under GPD's vehicle impounding practices. Id. at 2-3.

The Court held a hearing on August 23, 2023 and September 11, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

The Fourth Amendment provides that people should be free from unreasonable searches and seizures. See U.S. Const. amend. IV. Evidence obtained from a Fourth Amendment violation is inadmissible. See *Terry v. Ohio*, 392 U.S. 1, at 12 (1968).

### II. GPD's seizure and arrest of Defendant was constitutional, because the Officers had probable cause to believe Defendant had committed a crime.

Seizures can take the form of both investigative stops and formal arrests, as in either situation a reasonable person would not feel able to decline the Officer's requests or otherwise immediately terminate such encounters. See *People v. Chargualaf*, 2001 Guam 1 ¶ 17. For

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0262-22, *People of Guam v. Matthew Joaquin Brown*
Page 2 of 4

investigative stops, police may briefly detain someone if they have a reasonable suspicion of unlawful activity. See *Terry v. Ohio*, 392 U.S. 1, at 10 (1968). For formal arrests, police must have "probable cause to believe that the suspect has committed a crime". Id. at 10. Both "reasonable suspicion" and "probable cause" are judged by a totality of the circumstances, and those beliefs must be based on "specific reasonable inferences" supported by articulable facts rather than merely inadequate guesswork. Id. at 27.

Here, GPD Officers had reasonable suspicion of Defendant's criminal activity justifying their initial investigative stop of Defendant. GPD Officer Shaun King testified that he observed the Defendant operating a vehicle without its license plates. See Court Recording at 1:30:00-1:32:00 (Aug. 23, 2023). GPD Officers also believed the vehicle contained Ms. Tydingco based on its apparent patrolling of her residence. Id. at 1:30:00-1:32:00. The GPD Officers had reasonable suspicion of Defendant's criminal activity, legally justifying their initial investigative stop of Defendant.

The GPD Officers also had probable cause to believe that Defendant committed a crime, justifying their formal arrest of Defendant. As explained, GPD Officers observed Defendant operating a motor vehicle without its license plates. Id. at 1:30:00-1:32:00. Furthermore, Defendant led police on an erratic high-speed car chase, during which he broke several traffic laws. Id. at 1:32:00-1:39:00. The Officers had probable cause to believe Defendant had committed several crimes, legally justifying their arrest of Defendant.

III. **GPD's warrantless search of Defendant's vehicle was constitutional as a search incident to arrest.**

Like seizures, searches must too be reasonable under the Fourth Amendment. Searches implicate an individual's Fourth Amendment rights when they cover areas in which the individual has a "reasonable expectation of privacy". See *Oliver v. U.S.* 466 U.S. 170, at 171 (1984). If the individual does have a reasonable expectation of privacy, police officers must generally obtain a warrant before conducting a valid search. See *People v. Chargualaf*, 2001 Guam 1 ¶ 14. Warrantless searches are otherwise presumed unreasonable. See *Katz v. U.S.*, 389 U.S. 347, 357 (1967).

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0262-22, *People of Guam v. Matthew Joaquin Brown*
Page 3 of 4

However, there are several situations where police may conduct a search without first obtaining a warrant. One such exception is a "search incident to a lawful arrest". See *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Under that exception, "police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 351.

Here, Defendant had a reasonable expectation of privacy in his car, necessitating a warrant for most searches. However, because Defendant was lawfully arrested (see above), there is a potential "search incident to arrest" exception. GPD may not invoke the first *Gant* prong because Defendant was secured in Officer Manglona's vehicle at the time of the search.

However, GPD may invoke the second *Gant* prong because the Officers developed probable cause to believe that Defendant had given them a false name. GPD Officers searched both the driver's license and vehicle title registration databases for the name "Rico Cruz" but found no results. See Court Recording at 2:00:30 (Aug. 23, 2023); See also *People v. Boissard* 5 Cal.App.4th 972, 979 (1992) (probable cause to arrest for false identification offense exists when the name given is absent from identification systems). Therefore, GPD was lawfully allowed to search Defendant's vehicle for identifying information because such evidence is relevant to the offenses he was arrested for.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's initial seizure and formal arrest were both constitutional because GPD had probable cause to believe Defendant had committed a crime. The search of Defendant's vehicle qualifies as a "search incident to lawful arrest" and physical evidence seized during that search is therefore admissible.

**IT IS SO ORDERED** this ___November 8, 202___



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0262-22, *People of Guam v. Matthew Joaquin Brown*
Page 4 of 4

**SERVICE VIA E-MAIL**

I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, APD_

Date: 11/08/21  Time: 3:42 pm

_Albert Calcho_

Deputy Clerk, Superior Court of Guam